UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,     Case No. 3:24-cr-107

vs.

FREDERICK LOUIS TANZER,     District Judge Michael J. Newman

    Defendant.

---

**ORDER DENYING DEFENDANT FREDERICK LOUIS TANZER'S
MOTION TO DISMISS (Doc. No. 34)**

---

This felony criminal case is before the Court on Defendant Frederick Louis Tanzer's motion to dismiss counts two through six of the Indictment, which he contends improperly charges him with multiple violations of 18 U.S.C. § 1001 (prohibiting false statements to a federal agent) rather than charging him with a single alleged violation of § 1001 concerning a "single course-of-conduct." Doc. No. 34 at PageID 121. This, in Tanzer's view, renders the Indictment multiplicitous in violation of the Fifth Amendment to the United States Constitution. *Id.* The Government has filed a response in opposition (Doc. No. 36), to which Tanzer did not reply. This matter is ripe for review.

**I.**

The Government alleges that on August 1, 1989, Tanzer violently and repeatedly raped a young woman ("Victim"[1]) in her home. Doc. No. 12 at PageID 50-51; Doc. No. 1 at PageID 5. The crime remained unsolved for many years despite extensive investigations. *See* Doc. No. 1 at

---

[1] The Government has not provided the victim's name to protect her privacy. Doc. No. 36 at PageID 132 n.1. The Court does the same and refers to her in this Order as "Victim."

PageID 7-10. However, in 2024, investigators learned that a recent forensic analysis indicated a match between Tanzer's DNA and the semen recovered from the Victim and the 1989 crime scene. Doc. No. 12 at PageID 51. Further investigations soon followed.

On December 11, 2024, FBI Special Agent Eric McIntosh and Cincinnati Police Department ("CPD") Detective Jeffery Smallwood interviewed Tanzer about the 1989 rape. Instead of revealing to Tanzer that he was a suspect in the 1989 rape, and as a "ruse," they falsely told him the interview was in response to a complaint lodged against CPD for "never seriously investigating the 1989 rape because the prime suspect had been a CPD officer." Doc. No. 1 at PageID 13; Doc. No. 36 at PageID 132. The Government alleges Tanzer made six false statements—four oral and two written statements—during the interview. Doc. No. 12.

The alleged oral false statements in violation of 18 U.S.C. § 1001(a)(2)[2] are as follows:

### Count 1

Q: Were you ever over at [Victim's] home without [Tanzer's ex-wife] present?

A: No.

Q: Ok. Were there ever times that you would meet [Victim] without [Tanzer's ex-wife] present?

A: No.

---

[2] The elements of an 18 U.S.C. § 1001(a)(2) violation are:

    a. First, that the defendant made a statement or representation;
    b. Second, that the statement or representation was false, fictitious, or fraudulent;
    c. Third, that the statement or representation was material;
    d. Fourth, that the defendant acted knowingly and willfully; and
    e. Fifth, that the statement or representation pertained to a matter within the jurisdiction of the executive branch of the United States government.

*See* Sixth Circuit Pattern Crim. Jury Instruction 13.02.

Count 2

Q: So again, just as far as any relationship outside of [Tanzer's ex-wife] with [Victim], you guys never dated or anything like that beforehand or anything—

A: No. Absolutely not.

Q: Never any sexual relationship between—

A: No.

Q: —you and [Victim]? Ok.

Count 3

Q: Just to clarify, again I believe you've answered it, but there was no reason, you were not at [the Victim's] apartment on that day on August 1, 1989, you weren't there?

A: No.

Count 4

Q: You didn't see [the Victim] that day, [the Victim] didn't see you, didn't speak with [the Victim] at all, communicate in any way at all with [the Victim] that day?

A: I don't remember the specific date, but no.

Next, towards the end of the interview, Special Agent McIntosh handed Tanzer a form memorializing Tanzer's answers to several of the questions. The resulting allegedly false written statements in violation of 18 U.S.C. § 1001(a)(3)[3] are as follows:

---

[3] The elements of a violation of 18 U.S.C. § 1001(a)(3) are:

    a. First, that the defendant made or used a false writing or document;
    b. Second, that the writing or document contained a statement or entry that was false, fictitious, or fraudulent;
    c. Third, that the statement or entry was material;
    d. Fourth, that the defendant acted knowingly and willfully; and

Count 5: "no" was selected on the form in response to the question, "Was Respondent present at 3710 Creighton Place . . . at any time on 8/1/1989 . . . . ? If yes, detail[.]" Doc. No. 36-1 at PageID 146.

Count 6: "no" was selected on the form in response to the question, "[D]id Respondent see, speak, or otherwise interact with [Victim's name redacted] . . . on 8/1/1989 . . . . ? If yes, specify type of contact and substance of communication, if any[.]" *Id.*

## II.

"'Multiplicity' is charging a single offense in more than one count in an indictment." *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008). Multiplicity violates the Double Jeopardy Clause because it "may result in a defendant being punished twice for the same crime." *Id.*

To determine whether charges are multiplicitous, the Court considers "whether each charge requires proof of a fact that the other charge does not; if each charge does, then the charges accuse different crimes and are therefore not multiplicitous." *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). In the Sixth Circuit, "when the multiple counts of false statements involve different questions and different responses, the defendant may properly be convicted of multiple crimes, *even if all the false statements relate to the same topic.*" *United States v. Anderson-Bagshaw*, 509 Fed. App'x 396, 412 (6th Cir. 2012) (emphasis added). This rule applies even if the false statements occur during the same interview. *See id.*

---

e. Fifth, that the writing or document pertained to a matter within the jurisdiction of the executive, legislative, or judicial branch of the United States government.

*See* Sixth Circuit Pattern Crim. Jury Instruction 13.03.

### III.

Tanzer argues that 18 U.S.C. § 1001 is a "course-of-conduct" offense. Doc. No. 34 at PageID 123. In other words, Tanzer believes that there should be one count per interview, rather than a count per false statement. *See id.* This is not the law in the Sixth Circuit. The Sixth Circuit allows the Government to charge multiple counts for false statements within the same interview. *See Anderson-Bagshaw*, 509 Fed. App'x at 412.

Next, Counts 5 and 6 (written false statements) require the Government to prove a fact that Counts 3 and 4 (oral false statements) do not: *i.e.*, Tanzer made or used a writing or document when conveying the allegedly false information. *Compare supra* note 2 (elements of 18 U.S.C. § 1001(a)(2)) *with supra* note 3 (elements of 18 U.S.C. § 1001(a)(3)). As such, these counts are not multiplicitous of one another. *See Myers*, 854 F.3d at 355; *see also Blockburger*, 284 U.S. at 304-05 (holding "although both sections were violated by the one sale, two offenses were committed" because "[e]ach of the offenses created requires proof of a different element").

In addition, Tanzer answered several related but distinct questions during his FBI interview regarding the 1989 incident and his knowledge of the Victim. Based on the current filings, Count 1 requires proof that Tanzer had been to the Victim's home without his ex-wife present. Doc. No. 12 at PageID 52-53. Count 2 requires proof that Tanzer had a sexual relationship with the Victim. *Id.* at PageID 53. Count 3 requires proof that Tanzer was at the Victim's home on the date she was attacked (*i.e.*, August 1, 1989). Count 4 requires proof that Tanzer saw or communicated with the Victim on the date she was attacked. *Id.* at PageID 54.

Unlike the case Tanzer cites, *McCafferty*, the questions here did not merely rephrase the same question. *See United States v. McCafferty*, No. 1:10-CR-37, 2011 WL 933771, at *11-12 (N.D. Ohio Mar. 16, 2011). The Indictment separates the questions into separate counts to address

distinct facts, which will require distinct proof at trial. Under *Anderson-Bagshaw*, this is a permissible structuring of the Indictment. See *Anderson-Bagshaw*, 509 Fed. App'x at 412-13.

Therefore, the Court finds the charges in counts two through six in the Indictment are not multiplicitous of count 1 because, even though they arise from the same transaction, they each involve separate, allegedly false responses to a different question and require different factual proofs of falsity. *See id.*

### IV.

Accordingly, the Court **DENIES** Tanzer's motion to dismiss.

**IT IS SO ORDERED.**

May 13, 2025                          s/*Michael J. Newman*
                                             Hon. Michael J. Newman
                                             United States District Judge